IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS NEWSON,

        Plaintiff,                    No. CIV S-06-1832 MCE KJM P

   vs.

T. NOBLE, et al.,

        Defendants.          <u>ORDER</u>

                             /

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

Plaintiff alleges that he was given a "R" suffix, not at initial classification, but four years after his entry into CDCR, this despite the fact that he had been acquitted of the Washington state rape charge which formed the basis of the classification decision. See Cal. Code Regs. §3177. As a result, he is not allowed to have conjugal visits. He argues these actions violate his rights to due process and equal protection. He also suggests that the use of police reports to impose the R suffix shows a "disrespect to the Judiciary" and that "prison guard policies can't override or supercede Judges [sic] judicial decree." Complaint at 6.

A. Conjugal Visiting

The procedural guarantees of the due process clause apply only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997). "To plead a procedural due process violation, a plaintiff must allege: (1) a life, liberty or property interest exists and has been subject to an interference by the state; and (2) the procedures attendant upon the deprivation of an existing interest were constitutionally insufficient." Cooper v. Garcia, 55 F. Supp. 2d 1090, 1096 (S.D. Cal. 1999).

In Turner v. Safley, 482 U.S. 78, 94 (1987), the Supreme Court recognized that while prisoners retain a constitutionally protected right to marry, the right is "subject to substantial restrictions as a result of incarceration." The court suggested that "most inmate marriages are formed in the expectation that they ultimately will be fully consummated." Id. at 96 (emphasis added). In Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 461 (1989), the Court held "[t]he denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause." (Internal citation & quotation omitted.)

Following Turner and Thompson, the Second Circuit has explicitly held that "the right to marital privacy and conjugal visits while incarcerated" is not constitutionally protected. Hernandez v. Coughlin, 18 F.3d 133, 137 (2d Cir. 1994).

3

1   The Supreme Court has recognized that an inmate may be entitled to procedural
due process when he is denied a liberty interest created by the state.  <u>Kentucky Department of
Corrections</u>, 490 U.S. at 461.  However, this interest

> will be generally limited to freedom from restraint which, while
> not exceeding the sentence in such an unexpected manner as to
> give rise to protection by the Due Process Clause of its own force,
> . . . nonetheless imposes atypical and significant hardship on the
> inmate in relation to the ordinary incidents of prison life.

<u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).  In California, the denial of conjugal visiting is not an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," because the regulations themselves describe family visiting as a privilege and condition the privilege on an inmate's obtaining a certain custody level and work history.  15 Cal.Code Regs. § 3177 (b).  Accordingly, the state has not created a liberty interest in family/conjugal visits for inmates.  <u>Cooper</u>, 55 F.Supp.2d at 1098-99.[1]  Plaintiff's due process claim should not be included in any amended complaint.

Plaintiff also alleges in conclusory fashion that his right to equal protection of the laws was violated by the restrictions placed on his conjugal visits.

> In the prison context, the Equal Protection Clause of the
> Fourteenth Amendment requires inmates to be treated equally,
> unless unequal treatment bears a rational relation to a legitimate
> penal interest.

<u>May v. Sheahan</u>, 226 F.3d 876, 882 (7th Cir. 2000); <u>see also</u> <u>Coakley v. Murphy</u>, 884 F.2d 1218, 1221-22 (9th Cir. 1989).  The court cannot determine the basis of plaintiff's claims of unequal treatment; he will be given the opportunity to amend this portion of his complaint if he is able to state a claim while fully complying with Federal Rule of Civil Procedure 11.

/////

---

[1] The <u>Cooper</u> court did observe that someone in plaintiff's situation, barred from family visits even though he has never been convicted of a sex offense, deserves sympathy if not legal relief.  <u>Cooper</u>, 55 F.Supp.2d at 1100.

B. "R" Suffix

In general, there is no constitutional right to a particular classification and so no right to procedural due process in the classification determinations. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Grennier v. Frank, 453 F.3d 442, 445 (7th Cir. 2006) (sex offender classification not subject to procedural protection when there is no impact on non-discretionary programs). However, when the classification as a sex offender has "stigmatizing effects" and an impact on the prisoner's parole date, there may be a liberty interest in not having been so classified. See Chambers v. Colorado Department of Corrections, 205 F.3d 1237, 1243 (10th Cir. 2000) (inmate has liberty interest in avoiding sex offender classification when it had an impact on his right to earn good time); Neal v. Shimoda, 131 F.3d 818, 829 (9th Cir. 1997) (inmate had liberty interest in avoiding sex offender classification with a resulting impact on parole eligibility and imposition of mandatory treatment). That the R suffix renders the inmate ineligible for family visits is not a sufficient impact to give rise to a liberty interest. Cooper, 55 F.Supp.2d at 1102.

Petitioner has not alleged that the R suffix has had any impact on his sentence or the conditions of confinement beyond the limitation on his visits. He will be given the opportunity to amend this portion of his complaint, both as to his due process and equal protection claims, if he is able.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
/////

allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

/////
/////
/////
/////

5. The Clerk of Court is directed to send plaintiff the form for use in filing civil rights actions in this district.

DATED: February 8, 2007.

                                             U.S. MAGISTRATE JUDGE

2/news1832.14a